UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
RICHARD SIMON,          :
                        :
            Plaintiff,  :                **MEMORANDUM**
                        :                **& ORDER**
        -against-       :                04-CV-252 (DLI)(CLP)
                        :
FOOD AND DRUG ADMINISTRATION :
and DEPARTMENT OF HEALTH AND :
HUMAN SERVICES,         :
                        :
            Defendants. :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Richard Simon ("plaintiff" or "Simon") brings this action against the Food and Drug Administration and the Department of Health and Human Services (collectively "defendants" or "FDA") asserting race and age based discrimination and retaliation claims against the FDA in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; 42 U.S.C. § 1981; and the Fifth Amendment of the United States Constitution.

Pursuant to Fed. R. Civ. P. 56,[1] defendants move for summary judgement based upon Simon's failure to exhaust his administrative remedies—a pre-requisite to bringing the instant lawsuit. For the reasons that follow, defendants' motion is granted in its entirety.

**Background**

---

[1] Defendants moved for dismissal under Fed. R. Civ. P. 12(b)(6). Because defendants may not rely on materials outside of the pleadings under 12(b)(6), and clearly have, the court must treat the instant motion as one for summary judgment. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). In anticipation of this ruling, defendants have filed a Rule 56.1 statement of material facts and plaintiff a counter-statement.

In October 2001, Simon, an African-American male, was terminated from his employment with the FDA after almost eleven years of service as a Consumer Safety Inspector. (Plaintiff's Statement of Material Facts ("Pl.'s 56.1 Stmt.") ¶ 1.) The FDA removed Simon based on allegations that he had engaged in "workplace violence" toward a co-worker. (Pl.'s 56.1 Stmt. ¶ 10.) Plaintiff unsuccessfully appealed the FDA's decision to both the Merit System Protection Board ("MSPB") and to the FDA's Equal Employment Opportunity Office ("EEO") on a variety of grounds. The MSPB affirmed his termination, and the EEO dismissed his complaint. Several months later, plaintiff filed this action.

## Discussion

**Standard for Summary Judgement**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)). In drawing inferences in favor of the nonmoving party, "the court is not entitled to weigh the evidence." *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000). Nevertheless, "[c]onclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). The court must deny summary judgment "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**Termination Claim**

**Title VII**

"Prior to bringing suit under either Title VII or the ADEA, a federal government employee must timely exhaust the administrative remedies at his disposal." *See Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir.2001) (quoting *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir.1998) (internal quotation marks omitted). A federal government employee asserting a Title VII claim, as Simon does here, first is required to exhaust administrative remedies in one of two ways: (1) by administrative complaint to the relevant federal agency's EEO office, *see* 29 C.F.R. § 1614.105; or (2) by appeal to the MSPB. *See* 5 C.F.R. § 1201.

In the instant case, Simon attempted to proceed in both fora appealing his removal to the MSPB first. However, though "[a]n aggrieved person may initially file a mixed case complaint with an agency [EEO] … or an appeal on the same matter with the MSPB," an aggrieved federal government employee cannot proceed in both fora on the same claims and must choose to proceed in one or the other. *See* 29 C.F.R. § 1614.302(b). "This binding 'election' between the MSPB and the EEO remedies occurs as soon as a formal petition is filed in either forum." *Economou v. Caldera*, 286 F.3d 144, 149 (2d Cir. 2002); 29 C.F.R. § 1614.302(b) (explaining that where petitions are filed in both fora whichever petition is filed first shall be considered an election to proceed in that forum). "Once an employee has chosen the agency in which he wishes to adjudicate his claims, he is required to bring *all* claims relevant to his discharge in that proceeding." *German v. Pena*, 88 F.Supp.2d 222, 224 (S.D.N.Y. 2000) (emphasis provided). Thus, for the purpose of assessing the timeliness of the instant Title VII discriminatory termination claim, the court looks to the MSPB appeals process since Simon brought his termination claims there first.

In November 2001, less than a month after his termination, Simon timely appealed the FDA's decision to the MSPB. (Pl.'s 56.1 Stmt. ¶19.) In that appeal, Simon omitted claims of age and race based discrimination. He alleged only that the factual findings forming the basis for his termination were unsupported in the record and argued that the decision to remove him was a disproportionately harsh sanction for his alleged misconduct. (Pl.'s 56.1 Stmt. Ex. B.) Following a hearing, the MSPB issued an initial decision, dated March 13, 2002, denying plaintiff relief and affirming the FDA's decision to terminate him. (Pl.'s 56.1 Stmt. ¶ 22.) Simon never sought further review of this decision.

Once the MSPB renders an initial decision, that decision automatically becomes final unless the aggrieved employee petitions the MSPB for a full review within thirty days of receiving the decision. *See* 5 C.F.R. 1201.113. Since Simon did not petition the MSPB for such review, the March 13, 2002 initial decision became final on April 17, 2002, thirty days later. Once the MSPB decision becomes final, a petitioner has thirty days to appeal the MSPB decision to either the EEOC or the U.S. Court of Appeals for the Federal Circuit. *See* 29 C.F.R. 1616.303(c), 5 U.S.C. § 7703(b)(1), (b)(2). Alternatively, the aggrieved employee may file a civil action in the appropriate U.S. District Court within the same time frame. *See* 5 C.F.R. § 1201.175(b).

Here, the MSPB decision became final on April 17, 2002. Thus, the deadline for filing a civil action in the appropriate district court would have been May 17, 2002. Simon waited until January 22, 2004, twenty months later, to file a complaint in this court. Therefore, Simon's Title VII termination claims are untimely and defendants' summary judgement motion is granted with respect to this claim.

**ADEA**

Under the ADEA, a plaintiff need not exhaust administrative remedies before commencing a civil action. *See* 29 U.S.C. §§ 633a (b), (c) (2004) (specifying that an aggrieved employee complaining of age based discrimination may either (1) file an administrative complaint with the EEOC or (2) file a civil action in federal district court in the first instance). However, where an employee has sought relief through the administrative process, the aggrieved employee must exhaust his administrative remedies. *See Economou*, 286 F.3d at 149 n.8 (citing *Wrenn v. Secretary, Dep't of Veterans Affairs*, 918 F.2d 1073, 1078 (2d Cir. 1990) for the proposition that "a plaintiff who chooses to begin the administrative review process is obliged to exhaust that review before filing a civil action").

Having sought relief from the MSPB over his termination, Simon was required to present his allegations concerning age discrimination to the MSPB. As a result of his failure to present his claim of age discrimination in his termination, Simon failed to exhaust the available administrative remedies. His age based discrimination claim, therefore, is now barred.

**Fifth Amendment**

Simon also asserts a Fifth Amendment constitutional violation for his alleged discriminatory termination. However, in *Brown v. General Servs. Admin.*, 425 U.S. 820, 96 S.Ct. 1961 (1976), the Supreme Court held that Title VII "provides the exclusive remedy for claims of discrimination in federal employment." *Id.* at 835, 96 S.Ct.at 1969. This claim therefore is dismissed.

**42 U.S.C. § 1981**

Title 42 United States Code § 1981(c) provides, in relevant part, for the protection of specified constitutional rights "against impairment by nongovernmental discrimination and impairment under color of State law." In *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005), the

Second Circuit interpreted the phrase "under color of state law," as used in 42 U.S.C. § 1981, to apply only to state actors and not to federal officials or federal action. Accordingly, this claim is dismissed for lack of subject matter jurisdiction.

**Denial of Promotion and Training Title VII**

Plaintiff also appears to allege Title VII claims against defendants for denying plaintiff a promotion and training. Simon began to exhaust his administrative remedies with respect to these claims by filing a complaint with the FDA's EEO office.

In the EEO proceedings, commenced in February 2002 while the MSPB appeal was still pending, Simon filed an administrative "mixed case" complaint with the FDA's Equal Employment Opportunity Office ("EEO").[2] Although he improperly asserted discriminatory termination and retaliation claims,[3] Simon properly asserted the following: racial discrimination in the FDA's decision to postpone a vacancy announcement until after his termination (Pl.'s 56.1 Stmt. Ex. D, § E); racial discrimination in its decision to deny him additional training, *Id.*; and defamation.

By decision dated March 11, 2002, the EEO dismissed his complaint. With respect to his termination and retaliation claims, the EEO informed Simon that

> Your formal complaint and the EEO Counseling Report state that you have already appealed your termination with the MSPB. Therefore, this claim is dismissed.

(Pl.'s 56.1 Stmt. Ex. E, p. 2.)

---

[2] "A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1).

[3] These claims were improperly brought before the EEO because, as already noted, Simon should have included any and all claims relating to discriminatory termination in his MSPB appeal.

Regarding his claim that the FDA purposely postponed a job vacancy announcement until after his termination, the EEO ruled that Simon had failed to state a claim because a delay in the vacancy announcement did not affect Simon's ability to apply for the vacant position. Likewise, the EEO found that Simon had failed to state a claim with respect to his harassment allegations because Simon had not alleged disparate treatment and "[i]nasmuch as you did not suffer a concrete harm to a term, privilege or condition of your employment during the course of these incidents, and were not subjected to a hostile environment in your place of work, Claim 3 must be dismissed." (Pl.'s 56.1 Stmt. Ex. E, p. 2.) The remaining claims were dismissed as untimely.

In October 2002, seven months after the EEO's dismissal, Simon appealed the decision to the Equal Employment Opportunity Commission ("EEOC"). (Pl.'s 56.1 Stmt. ¶ 24.) By decision dated September 11, 2003, citing 29 C.F.R. § 1614.402, which specifies that a final agency decision must be appealed no later thirty days from the receipt of such a decision, the EEOC dismissed Simon's appeal as untimely. The EEOC's decision included a provision informing Simon of a right to file a civil action in federal district court within ninety days of receipt of the decision.

Even taking September 14, 2003 as the date from which to calculate the relevant 90-day period[4] (it is arguably much earlier), Simon filed his civil action forty days too late, on January 22, 2004. Thus, by any measure, Simon is time-barred from asserting his Title VII claims with respect to promotion and training.

Simon argues that his complaint should not be dismissed on the basis of such a "technicality." However, exhausting administrative remedies entails compliance with applicable

---

[4] Pursuant to Fed. R. Civ. P. 6(e), three days for mailing are added to September 11, 2003–the date the EEOC issued its decision.

7

EEOC filing regulations that are more than mere technicalities. *See Jenkins v. Potter*, 271 F.Supp.2d 557, 562 (S.D.N.Y. 2003) (finding a failure to exhaust administrative remedies where an appeal was filed fourteen days past the applicable deadline).

Citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127 (1982), plaintiff further argues that the court should equitably toll the filing deadlines because, rather than instruct the plaintiff to amend his MSPB appeal to include race and age based discrimination claims, the EEO merely dismissed his termination claim on the basis that the claim was already before the MSPB. Thus, the EEO failed to discharge its duty to investigate any and all discrimination claims raised before it and the plaintiff should therefore be allowed to assert his claims now. The doctrine of equitable estoppel should also apply, Simon argues, because the attorney representing him during the administrative process failed to amend the MSPB appeal to include discrimination claims and plaintiff should not now be made to suffer the consequences of his attorney's lack of diligence.

Although equitable relief is warranted where an agency misleads a petitioner as to the available remedies, *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir.1994), equitable relief is not available here because the FDA explicitly informed plaintiff of his available remedies upon his termination:

> [I]f you believe that this action is based on discrimination, you may either:
> 1.    Appeal to the MSPB within 30 calendar days … raising the matter of discrimination in your appeal to the MSPB (and otherwise complying with MSPB Regulation 1201.153); or
> 2.    File a discrimination complaint within the Department …

(Letter from FDA to Simon dated October 19, 2001, at 7.)

Thus, plaintiff was explicitly and accurately informed about the available avenues for recourse. In light of such explicit instructions, plaintiff is not entitled to equitable relief.

Regarding his former attorney's lack of diligence, a "lack of due diligence on the part of plaintiff's attorney is insufficient to justify application of an equitable toll." *Id.* at 12 (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990) (equitable tolling was not proper where plaintiff's attorney was out of the country when EEOC notice arrived)). Equitable relief is clearly unavailable on this ground.

**Conclusion**

For the reasons set forth above, the court grants defendants' motion for summary judgment. Plaintiff's Title VII, ADEA, Fifth Amendment, and § 1981 claims with respect to his discharge, promotion and training are, therefore, dismissed.

DATED:    Brooklyn, New York
              August 31, 2005

_____/s/_____
DORA L. IRIZARRY
United States District Judge